Frank P. DOMERACKI

v.

GULF OIL CORPORATION.

No. 409 of 1958.

United States District Court
E. D. Pennsylvania.

June 29, 1962.

Sidney J. Smolinsky, Bernard Sacks, of Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for libelant.

Timothy J. Mahoney, of Krusen, Evans & Byrne, Philadelphia, Pa., for respondent.

FREEDMAN, District Judge.

This is an action in admiralty for maintenance and cure. The libelant also filed suit for damages based on the negligence of defendant and the unseaworthiness of its vessel, the S. S. Gulflion, on which he had worked as a wiper at the time of his alleged injury. The trial of this admiralty action before the court was held simultaneously with the trial of the damage suit before the court and a jury. The jury returned a verdict for the defendant in the damage action and I subsequently denied a motion for a new trial, which was based in part on the claim that the verdict was against the weight of the evidence: Domeracki v. Gulf Oil Corp., 202 F.Supp. 89 (E.D. Pa.1962). The admiralty action is now before me for decision.

The seaman claims maintenance and cure for present disability, which he alleges is in part the result of two falls from his bunk aboard the S. S. Gulflion on June 30 and July 1, 1958. He contends that he sustained a brain concussion which brought on a personality de-

fect, as a result of which he has had continuous headaches, and in his wife's words has become a "different man",—irritable, given to drinking and harsh with his wife and children. He claims that his condition could have been cured or improved if he had been afforded psychiatric treatment. The maintenance and cure he seeks is for periods from July 12 to September 25, 1958 and from January 21, 1960 to October 2, 1961, when the jury trial was held.

Following the alleged falls from his bunk aboard the S. S. Gulflion, libelant left the vessel on July 10, 1958. He was paid for maintenance and cure by the respondent at the rate of $8.00 a day for the period from July 11 to August 5, 1958, totalling $208.00. On the latter date he was admitted as an in-patient at the United States Public Health Service Hospital in Baltimore, from which he was discharged on August 22, 1958 with a recommended convalescence period of seven days. On September 12, 1958 he was declared fit for duty.

Libelant's history after September 12, 1958, when he was declared fit for duty, is a stormy one. During the following period of a year and a quarter, from September 25, 1958 to January 20, 1960, —for which libelant makes no claim for maintenance and cure—he worked on five different vessels, on every one of which he claimed to have suffered some injury or disability.

Libelant last worked aboard a vessel from October 27 to December 13, 1959; he left the vessel because of stomach trouble and was an in-patient at the United States Public Health Service Hospital in Baltimore from January 12 to January 20, 1960. Since that time he has obtained employment on shore, from time to time, through a local boilermaker's union.

It is unnecessary to review the detailed items of evidence in the long history of this seaman's illness or the five instances of accident or disability aboard other vessels. The medical reports are voluminous. He was, moreover, involved in an automobile accident prior to the incidents involved in the present claim and respondent points to this as the cause of the symptoms which the libelant attributes to the falls from the bunk on the S. S. Gulflion. Without indulging in any elaboration, it seems to me clear that libelant is not entitled to recover for the disability in the second, remote period from January 21, 1960 to October 2, 1961.

I find, however, that libelant is entitled to maintenance and cure for the period from July 12 to September 25, 1958, less the credit for the payment made to him by respondent of $208.00 and less, of course, the time he spent as an in-patient in the United States Public Health Service Hospital in Baltimore during that period. This leaves a net number of 33 days at $8.00 per day, or $264.00, which plaintiff is entitled to recover for maintenance and cure. I award him this amount, together with interest.

I will also require that respondent provide libelant with psychiatric treatment for a period of six months. It is true that libelant was involved in an automobile accident. It is also true that his claim of the manner in which he sustained the two falls from the bunk is open to serious question on credibility. But there is no doubt that he did sustain some injury to his head, at about that time, on board the S. S. Gulflion. This is shown by the report of the Master (Plaintiff's Exhibit 4). True, he may have been indulging in drinking with his bunkmate and this may well explain why they did not call for help from other members of the crew. I eliminate the automobile accident as the sole cause of his symptoms for two reasons. In the first place, after the automobile accident and before he undertook the voyage libelant was examined by respondent's physician and was pronounced fit. Secondly, even if the automobile accident occasioned some of the symptoms of which he complained later, at the very least the blow on the head, even if much less

serious than libelant claims, obviously aggravated the condition of one who already had at least latent symptoms of personality disorder.

It is clear to me from the evidence of the two opposing medical experts that there is a real chance of some relief for the libelant's distress in a course of psychiatric treatment. Libelant's witness, Dr. Manuel Saul, so indicated and I believe this to be true even though I do not accept some part of the history upon which Dr. Saul had to rely, i. e., Mrs. Domeracki's testimony that a complete change came over the libelant after the voyage on the S. S. Gulflion and that there had been no quarreling between them before that. Nor do I accept the view, which has some support in the medical reports in the Public Health Service Hospital, that psychiatric help might encourage in the libelant a feeling of invalidism instead of self-reliance. The fact is that there is enough in all of the reports to justify the conclusion that libelant suffers severely even if the suffering is functional and not organic. This being so, and since he was injured on board the S. S. Gulflion while in the service of the ship, he is entitled to have the respondent afford him a relatively short period of medical aid in which the effort should be made to reduce his suffering by giving him some insight into the cause of his functional distress, if it be only functional.

I am not willing to set this conclusion aside because of respondent's claim that if libelant fell out of his bunk in fair weather on a calm sea, it must have been because of his own intoxication. A seaman is entitled to drink, especially while ashore, and libelant had been on shore leave. Indeed, the contention of intoxication is simply presented as an inference to explain why libelant bumped his head on a calm day. Accordingly, even if libelant had been drinking, there is nothing in the evidence to justify the conclusion that he was intoxicated to such an extent that it was the sole cause of his injury.

ORDER

AND NOW, June 29, 1962, libelant is awarded maintenance and cure at the rate of $8.00 per day for 33 days during the period between July 12 and September 25, 1958, or a total of $264.00, with interest; and respondent is ordered to provide libelant with appropriate psychiatric treatment for a period of six months.